This is the appeal of Elias M. Fox and 219 others from a judgment of the Superior Court, Chancery Division, entered May 27, 1949, holding that a $5 monthly increase in the rental payable by each plaintiff is lawful and binding upon them as of April 1, 1948. The facts are fully stated in the opinion of Judge Stein, reported in 3 N.J. Super. 408, 66 A.2d 47, and no purpose will be served by repeating them.
The increase of rent involved three classes of tenants; Class I — 37 tenants who held leases executed prior to July 1, 1947; Class II — 31 tenants, each of whom held leases dated prior to July 1, 1947, but executed and possession taken thereafter; Class III — 152 tenants who held leases dated and executed subsequent to July 1, 1947. We concur in the reasoning of the court below that led to the judgment that the rent increases were lawful as to Classes II and III and were effective as of April 1, 1948. As to Class I the court below correctly held that the rights of the tenants were saved by section 202 (c) of the Housing and Rent Act of 1947, but went on to say that the approval of the rent increase by the Federal Housing Administration was needed to make such increase lawful and that since such approval was given on March 1, 1948, therefore the rent increase as to Class I was lawfully effective as of the first of the following month,i.e., April 1, 1948. With this latter statement we do not agree.
When the defendant, Stuyvesant Town, Inc., accepted Federal money on a mortgage, it agreed that it would make no charge in excess of a rental schedule filed with and approved by the Federal Housing Administration prior to the opening of the project for rental, which schedule should not be changed *Page 255 
except upon the written approval of such administration. The above regulation and restriction was not applicable so long as the maximum rents were regulated by another agency of the United States Government. In the instant case, by reason of the fact that the tenants comprising Class I were saved from the effect of the decontrol act, the maximum rentals remained controlled by another agency of the Federal government, that is to say, by the Office of the Housing Expediter. This being so, approval of the rent increase by the Federal Housing Administration was not necessary. On June 28, 1948, the Rent Director of the Office of the Housing Expediter entered an order effective May 18, 1948, approving the $5 a month rent increase with which we are presently concerned. The latter order was the only order needed and since it became effective on May 18, 1948, no increase prior to the first of the following month could be legally effective in accordance with the terms of paragraph 5 of the lease between each of the plaintiffs and the defendant.
For the reasons stated, the judgment under appeal is affirmed as to the tenants in Classes II and III and modified as to the tenants in Class I by making the effective date of the increase June 1, 1948. No costs are allowed.